IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JAMES LEON LINGO, III,                  :
                                        :
                  Plaintiff             :
                                        :
VS.                                     :
                                        :
Officer BRADFORD, *et al.*,             :     NO. 7:05-cv-32(HL)
                                        :
                  Defendants            :     **O R D E R**

Plaintiff **JAMES LEON LINGO, III**, a former prisoner, has filed a *pro se* civil rights

complaint under 42 U.S.C. § 1983, seeking damages for various alleged violations of his civil rights

while he was a prisoner at the Robert L. Patton Detention Center ("RLPDC") in Lakeland, Georgia.

Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor

pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is

unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in*

*forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Notwithstanding the fact that plaintiff has been released from custody, the Court must still

conduct a 28 U.S.C. § 1915(e)(2) frivolity determination. Under section 1915(e)(2), the Court is

required to review complaints filed by prisoners against a governmental entity or its employees and

Dockets.Justia.com

dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state

a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous when the plaintiff's legal theory or factual

contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). In determining whether a cause of action fails to state a claim on which relief may be

granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as

a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal

theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.**

*King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements.

First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity

secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp.,*

*Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission

was committed by a person acting under color of state law. *Id.*

## II. DISCUSSION

Plaintiff makes a wide variety of allegations against the various defendants regarding his

treatment during his stay at the RLPDC. His claims are asserted through his original complaint (Tab

# 3) and one amended complaint (Tab # 4).

## A. *Conditions of Detention*

Plaintiff alleges that he was confined in a cell with a broken toilet overnight. This deprivation, although unpleasant, is insufficient to state a constitutional claim. Moreover, plaintiff did not allege that he suffered any resulting physical injuries. *See* 42 U.S.C. § 1997e(e)(no federal civil action may be brought by inmate for mental or emotional injury suffered while in custody unless there is prior showing of physical injury); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000) (*en banc*) (holding that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*).

## B. *Verbal Abuse*

Plaintiff alleges that the defendants verbally threatened him. Mere threats or verbal abuse do not constitute a violation of a federal constitutional right. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 988 (1983). Without any showing of physical injury or damage, claims of verbal harassment, including insults and threats, cannot form the basis of a claim under section 1983. Plaintiff does not indicate he was harmed by defendants' remarks in any way and consequently fails to state a claim.

## C. *Denial of Bifocals*

Plaintiff alleges that on March 30, 2005, he was denied his bifocal glasses. In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious

medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment."  Plaintiff's allegation that he was denied his bifocals on one occasion, without more, is insufficient to allege deliberate indifference to serious medical needs on the part of the defendants.

### D.  Grievance Procedure

Plaintiff alleges that the defendants failed to properly process plaintiff's grievances.  This failure does not give rise to any valid claim against these defendants.  The Eleventh Circuit Court of Appeals has held that a prisoner has no constitutional right to participate in prison grievance procedures and violations of such procedures do not give rise to a claim under section 1983. *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989).

### E.  Denial of Breakfast

Plaintiff states on March 30, 2005, he was denied breakfast.  This allegation is too trivial to state a claim.  Plaintiff was denied a meal on only one occasion.  While plaintiff may have been hungry for several hours, this isolated occurrence does not give rise to a level of constitutional significance.

### F.  Denial of Access to the Courts

Plaintiff contends that in another civil action the Court directed prison officials to submit a copy of plaintiff's prison trust fund statement, yet prison officials "purposely ignored it."  The Court assumes plaintiff is referencing civil action number 7:05-cv-18(HL), wherein on March 8, 2005, the

Court entered such an order. However, plaintiff has not alleged any injuries as a result of defendants' allegedly ignoring the Court's order. In light of plaintiff's prison trust fund statement being timely filed in this Court on March 18, 2005, it would not appear that plaintiff has, in fact, suffered any injury necessary for this claim.

### G.  Violation of Due Process

Plaintiff summarily states that his due process rights were violated when he apparently was not allowed to call witnesses at his disciplinary hearing. Although prisoners have a qualified right to call witnesses in a disciplinary hearing, *see Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), this right is not required unless the discipline imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995)*; Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999). Because plaintiff has failed to allege that any punishment he received as a result of his disciplinary hearing amounted to an atypical and significant hardship, his due process claim surrounding his disciplinary hearing is frivolous.

### H.  Violations of Georgia Prison Regulations

To the extent that plaintiff claims defendants' conduct violated Georgia prison regulations, the Court finds that plaintiff's claim is meritless. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (emphasizing that a section 1983 plaintiff must prove the defendant deprived him of a right secured by the Constitution or laws of the United States).

### III.  CONCLUSION

In light of the above, the instant complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 2nd day of November, 2005.

s/   **Hugh Lawson**
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr